# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA L. S., <br><br> Plaintiff, <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 5:22-1375-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.  INTRODUCTION

Plaintiff Wanda L. S.[1] ("Plaintiff") challenges the Commissioner's denial of disability insurance benefits ("SSDI").  For the reasons stated below, the decision of the Commissioner is **AFFIRMED**.

## II.  BACKGROUND

On August 21, 2017, Plaintiff applied for SSDI alleging disability beginning September 12, 2016.  (AR 158-61.)  Plaintiff's application was denied on October 25, 2017, and upon reconsideration on February 1, 2018.  (AR 85, 88.)  On March

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

9, 2018, Plaintiff appealed the Commissioner's decision and requested a hearing before an Administrative Law Judge ("ALJ"). (AR 101-03.) On October 30, 2019, Plaintiff appeared with counsel for an in-person hearing before the ALJ. (AR 27-60.)

The December 3, 2019, Decision

On December 3, 2019, the ALJ rendered her first unfavorable decision. (AR 6-23.) At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 12, 2016, the alleged onset date. (AR 11.) At **step two**, the ALJ determined that Plaintiff had multiple severe impairments: degenerative disc disease with radiculitis, borderline cardiomegaly, asthma, fibromyalgia, obesity, history of lupus, somatic disorder, neurocognitive disorder, depression, and anxiety. (*Id.*) At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that medically equal the severity of the impairments listed in 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. (AR 12.) Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 404.1567(c) except Plaintiff could lift or carry fifty pounds occasionally and twenty-five pounds frequently; she could stand or walk six hours in an eight-hour workday; she could sit six hours in an eight-hour workday; she must avoid concentrated exposure to wetness, humidity, dust, gases, and other pulmonary irritants; she is limited to simple, routine tasks with no public contact and only occasional contact with coworkers and supervisors in a low stress job, defined as having only occasional decision-making duties and changes in the work setting. (AR 15.) At **step four**, the ALJ concluded that Plaintiff was unable to perform any past relevant work as an administrative assistant. (AR 21.) **At step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were a significant number of jobs in the national economy that Plaintiff could

perform. (AR 21-22)

On April 14, 2020, Plaintiff filed suit asking this Court to reverse and remand the matter. *See Wanda S.-N. v. Saul*, No. 20-0772 (C.D. Cal. filed Apr. 14, 2020). On February 11, 2021, the Court reversed and remanded the matter to the Commissioner for failing to explain how Plaintiff's ability to perform minimal activities of daily living around her daytime sleep schedule shows her activities of daily living were inconsistent with her testimony, or that she could perform medium work eight hours per day and forty hours per week, and failing to address how Plaintiff's limited activities of daily living would transfer to a work place setting. *See id.*

The May 26, 2022, Decision

Following the remand, the ALJ rendered its second unfavorable decision on May 26, 2022. (AR 2187-2210.)

At **step one**, Plaintiff did not engage in substantial gainful activity starting September 12, 2016, through her date last insured of March 31, 2022. (AR 2193.) At **step two**, the ALJ determined that Plaintiff had the same severe impairments plus two additional impairments: borderline cardiomegaly, asthma, depression, fibromyalgia, obesity, history of lupus, anxiety, neurocognitive disorder, somatic disorder, degenerative disc disease with radiculitis, obstructive sleep apnea, and chronic bronchitis. (*Id.*) At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that medically equaled the severity of one of the impairments listed in 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. (AR 2194.) With to RFC, the ALJ assessed that Plaintiff can perform medium work except Plaintiff can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; Plaintiff can stand or walk for six hours out of an eight-hour workday; Plaintiff can sit for six hours out of an eight-hour workday; Plaintiff must avoid concentrated exposure to wetness, humidity, dust, gases, and other pulmonary

irritants; Plaintiff is limited to simple tasks with no public contact and only occasional contact with coworkers and supervisors; Plaintiff can have only occasional decision-making duties and changes in the work setting. (AR 2196.) At **step four**, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 2207.) At **step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded there were a significant number of jobs in the national economy that Plaintiff could have performed through the date last insured. (AR 2208-09.)

On August 4, 2022, Plaintiff filed the present suit, arguing the ALJ (1) did not properly consider the relevant medical evidence of record in determining Plaintiff's RFC, and (2) did not properly consider Plaintiff's subjective statements of record and testimony under oath in determining Plaintiff's RFC. (Dkt. No. 23, Joint Stipulation, ("JS"), at 6.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if, when applied against proper legal standards, they are supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must

consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "However, the ALJ 'need not discuss *all* evidence presented'" to her, but "must only explain why 'significant probative evidence has been rejected.'" *Hurn v. Berryhill*, No. 17-00884, 2018 WL 4026357, at *3 (W.D. Wash. Aug. 23, 2018) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

"'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

The parties filed a Joint Stipulation on May 10, 2023. (Dkt. No. 23.) Plaintiff contends that the ALJ did not properly consider: (1) relevant medical evidence in assessing Plaintiff's RFC; and (2) did not properly consider Plaintiff's subjective statements of record and testimony under oath in her assessment of the RFC. (JS at 6.) The Commissioner opposes both claims. (*Id.* at 18-22; 27-32.)

### a. Claim One -- Medical Evidence

Plaintiff contends the ALJ did not properly consider the relevant medical evidence of record in assessing her RFC. (*Id.*)

In the Joint Stipulation, Plaintiff sets forth a 10-page summary of medical notes and reports in support of her claim that the ALJ erred. (JS at 8-18.) The summary of the medical record is not clearly tied to any argument other than the general, conclusory assertion that the "medical evidence of record [with respect to Plaintiff's physical impairments] clearly reflects that Plaintiff has consistently complained of pain and fatigue throughout the relevant period of time." (*Id*. at 16.) However, with respect to Plaintiff's physical impairments, Plaintiff does assert that the ALJ erred in assessing a medium residual functional capacity because that finding is inconsistent with Plaintiff's grip strength as noted in the record. (*Id*. at 16-17.) With respect to Plaintiff's mental impairments, Plaintiff again generally, and in a conclusory fashion, argues that the medical evidence consistently documents anxiety and depression plus lack of energy, fatigue, psychomotor retardation, and inability to complete normal daily activities. (*Id*. at 17.) However, Plaintiff does point to one state agency consultative examiner's finding that Plaintiff has "marked limitations" in the ability to respond to usual work situations and changes in the work setting. (*Id*.) Plaintiff contends that this marked limitation is incompatible with an RFC of "only occasional decision making duties and changes in the work setting." (*Id*.)

1. Legal Standard

An ALJ cannot reject an examining or treating physician's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (citing *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)). The ALJ considers several factors in weighing a treating physician's opinions and must explain specifically how it considered the supportability and consistency factors. *Id.* at 739-40. "Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence, while consistency concerns how 'a medical opinion is consistent

with the evidence from other medical and nonmedical sources." *Id.* (quoting *Woods*, 32 F.4th at 791-92).

### 2. Physical Impairments

The Court concludes that the ALJ properly set forth supportability and consistency factors in weighing the different medical opinions. With respect to Plaintiff's objection to the ALJ's assessment of a restricted range of medium work because of her grip strength as measured by Dr. Lim, the Court has reviewed the record and finds no error.

Dr. Lim opined that Plaintiff is restricted to standing and/or walking for about six hours in an eight-hour workday with appropriate breaks; she can sit for six hours in an eight-hour day with appropriate breaks; <u>she can lift and/or carry 50 pounds occasionally and 25 pounds frequently;</u> and she has environmental limitations from having asthma. (AR 378-82.) The Court's review finds that the ALJ appropriately considered the supportability and consistency factors in evaluating Dr. Lim's opinion – the ALJ analyzed Dr. Lim's specific examination findings and compared Plaintiff's purported physical impairments to Dr. Lim's assessment of Plaintiff's impairments. (AR 2206.) *See Rosalio O. v. Kijakazi*, No. 22-8679, 2023 WL 5180325, at *6-7 (C.D. Cal. Aug. 11, 2023) (ALJ's evaluation of persuasiveness of medical opinions was supported by and consistent with the overall record).

Plaintiff contends that there is an internal inconsistency in Dr. Lim's report that the ALJ failed to resolve because Dr. Lim's examination of Plaintiff found that she had a grip strength of 20 pounds of force using the right hand, and 15 pounds of force using the left hand (left-hand dominant). (JS at 9-10; *see also* AR 378, 382.) But, as noted by the Commissioner, Plaintiff points to no authority in support of this argument and there is nothing in the applicable regulation defining medium work that sets forth a required grip strength. (JS at 19-20.)

### 3. Mental Impairments

Plaintiff contends that the state psychological consultative examiner Dr. Starrett's finding of marked limitations in the ability to respond to usual work situations and changes in work setting does not equate with "only occasional decision making duties and changes in the work setting." (AR 2205; *see also* AR 1655; JS at 17.)

The ALJ found Dr. Richard Starrett's opinion somewhat persuasive. The ALJ noted that Dr. Starrett opined Plaintiff has a moderate limitation with respect to the ability to understand, remember, make judgments, and carry out complex work activities, maintain adequate attention and persistence and interact appropriately with supervisors, coworkers, and peers; marked limitation with respect to her ability to respond appropriately to usual work situations; and mild limitation with respect to her ability to understand, remember, and carry out short and simplistic work-related activities. (AR 2204-05.)

The ALJ found Dr. Starrett's opinion not supported by the results of his examination of Plaintiff. The ALJ explained that even though Plaintiff had marked limitations in responding appropriately to usual work situations and changes in work settings, she admitted to being able to handle changes in routine and being able to perform "a wide array activities of daily living." (AR 2207.) The ALJ also explained that Plaintiff's treatment records show coherent, relevant, and logical thought processes, intact memory, and good insight. (*Id.*)

The ALJ also evaluated the consistency of Dr. Starrett's opinion with other medical evidence and noted certain inconsistencies, specifically that Plaintiff was described as depressed with flat affect, but she was still pleasant and cooperative. (AR 2206-07.) Plaintiff reported having mildly impaired memory and concentration, but medical reports also indicated her thought was organized, thought content was normal, and she possessed an average fund of knowledge.

(AR 2206.) The ALJ explained that this evidence led her to conclude Plaintiff is capable of simple tasks that do not require contact with the public, only occasional contact with coworkers and supervisors, and only occasional decision-making and changes in work settings. (AR 2207). The ALJ did not err here. *Schroeder v. Colvin*, No. 13-1633, 2015 WL 93395, at *8 (C.D. Cal. Jan. 7, 2015) (finding that an ALJ gave specific and legitimate reasons for discounting a physician's opinion when the claimant's "admitted capabilities and his testimony about his limitations were inconsistent with [the physician's] severe findings.")

### b. Claim Two – Subjective Testimony

Plaintiff contends the ALJ did not properly consider Plaintiff's subjective statements of record and testimony under oath in assessing her RFC. (JS at 6.)

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Once satisfied, the ALJ must examine the entire case record, which includes the claimant's own testimony, for evidence on the intensity, persistence, and limiting effects of claimant's symptoms. *Id.* at 1035.

The ALJ must also take care not to pick and choose only that evidence that bolsters her findings. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). If the ALJ discounts the claimant's testimony for lack of credibility, she must provide specific, clear, and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015).

### 1. Objective Medical Evidence of an Underlying Impairment

For the first step of the analysis, Plaintiff must present objective medical evidence of an underlying impairment "'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell*, 947 F.2d at 344).

Here, Plaintiff presented objective medical evidence of an underlying impairment that could reasonably be expected to produce her alleged symptoms because she has numerous medical diagnoses of hypertension, asthma, thyroid gland disorders, and depressive, anxiety, and obsessive-compulsive disorders, (AR 67), the cumulative effect of which could reasonably cause "widespread pain" in her body and difficulties sleeping, focusing, and concentrating, (AR 2222-23), among other symptoms.

Finding step one satisfied, the Court proceeds to step two. *Samuel Z.*, No. 8:20-1924, 2022 WL 4842936, at *3 (C.D. Cal. Sept. 30, 2023); *Kimberli M. S. v. Kijakazi*, No. 21-1836, 2023 WL 2346330, at *10 (S.D. Cal. Mar. 3, 2023).

### 2. Plaintiff's testimony

For the second step of the analysis, the ALJ must examine the entire case record—including the claimant's testimony—for evidence on the intensity, persistence, and limiting effects of the claimant's symptoms. In evaluating the claimant's credibility, a court may consider a multitude of factors, such as inconsistencies between the claimant's statements, objective medical evidence, daily activities, work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). However, a lack of objective medical evidence substantiating the claimant's statements about symptoms by itself is not grounds for discrediting the claimant's symptom testimony. *Id.*

The ALJ discounted Plaintiff's subjective symptom testimony finding that the "positive objective findings" contained in the treatment records are "inconsistent with the severity of the symptoms" Plaintiff alleges. (AR 2198.) The ALJ listed the medical findings that were inconsistent with Plaintiff's symptom testimony (*see* AR 2198-99), but did not stop there. The ALJ identified what the ALJ perceived were inconsistencies between the medical record and Plaintiff's testimony about her current capabilities. (*See* AR 2199.) The ALJ's decision also detailed how Plaintiff's reported activities of daily living and her level of engagements in current matters (for example, selling items left to her by her parents, involvement in church activities, voluminous correspondence with treatment providers) were inconsistent with her allegations of excessive fatigue and limited ability to focus and perform tasks. (AR 2198.)

The Court finds that the ALJ's reasons for discounting Plaintiff's testimony were "specific, clear, and convincing" and supported by substantial evidence. *Smith Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021); *Darden v. Saul*, 855 F. App'x 352, 355 (9th Cir. 2021) (ALJ's finding that claimant's testimony conflicted with activities of daily living, was internally inconsistent, and conflicted with history of conservative treatment were "specific, clear, and convincing reasons"); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ permitted to consider inconsistencies between activities of daily living and claimant's pain testimony). While the evidence of daily activities may lead to an interpretation more favorable to Plaintiff and while the ALJ's decision did not address how Plaintiff's activities of daily living would transfer to a work place, the Court cannot say that the ALJ's interpretation was irrational. It is well settled that the Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Ryan*, 528 F.3d at 1198.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered **AFFIRMING** the decision of the Commissioner denying her period of disability and SSDI.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 31, 2023

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**
**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**